UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 10-20269

J.C. CRAWFORD,                 Honorable Sean F. Cox

    Defendant.

_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT

    The United States has charged Defendant J.C. Crawford, Jr. ("Defendant") with one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). The case is before the Court on Defendant's motion to dismiss the indictment for violation of his right to a speedy trial. For the following reasons, the Court shall DENY Defendant's motion.

## BACKGROUND

    The following facts are undisputed.

    On October 12, 2009, Defendant was arrested by state law-enforcement officials. The following day, the Shiawassee County Prosecutor charged him with delivery of cocaine.

    On October 27, 2009, the Shiawassee County District Court held a preliminary examination, which was continued on November 3, 2009. Following the hearing, the state district court found probable cause to bind Defendant over to the circuit court. On November 3, 2009, Defendant was arraigned on an information and was remanded to state custody.

1

On November 5, 2009, attorney Christopher Johnson filed an appearance on Defendant's behalf, which also included a demand for a speedy trial. (Def.'s Mot. Ex. 1; Doc. No. 14).

The Shiawassee Circuit Court initially scheduled Defendant's trial for March 30, 2010. On March 26, 2010, however, Defendant successfully petitioned the court for an adjournment of the trial date, which was re-scheduled for June 8, 2010.

On May 19, 2010, a federal grand jury indicted Defendant with distribution of cocaine (Doc. No. 1). The indictment alleged that Defendant knowingly and intentionally distributed a mixture or substance containing cocaine on October 12, 2009, the date that Defendant was arrested on his state charges.

On June 8, 2010, the state charge against Defendant was dismissed.

On June 9, 2010, Defendant had his initial appearance before Magistrate Judge Michael Hluchaniuk.[1] On June 24, 2010, Magistrate Judge Hluchaniuk entered an order for Defendant to be detained pending trial (Doc. No. 12).

On June 25, 2010, this Court held a scheduling conference and set Defendant's trial date for August 3, 2010 (Doc. No. 13).

Defendant filed his motion to dismiss the indictment on July 14, 2010. On September 1, 2010, the Court held a hearing on the motion, and both parties presented oral argument.

---

[1]On May 26, 2010, the United States filed a petition for writ of habeas corpus *ad prosequendum*, which was granted the following day by Magistrate Judge Hluchaniuk (Doc. No. 2). On June 10, 2010, the writ was returned unexecuted because the Marshals took Defendant into federal custody pursuant to an arrest warrant which was issued on June 8, 2010 (Doc. No. 3).

## ANALYSIS

The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. CONST. amend. VI.

In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court established a four-part balancing test to determine whether the Government has violated a defendant's sixth amendment rights. "These factors are (1) whether the delay was uncommonly long; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice resulted to the defendant." *United States v. Schreane*, 331 F.3d 548, 553 (6th Cir. 2003) (citing *Barker*, 407 U.S. at 530).

The first *Barker* factor is a threshold requirement. "[I]f the delay is not uncommonly long, judicial examination ceases." *Schreane*, 331 F.3d at 553.

Defendant argues that the length of the delay is measured from the earliest date of indictment or arrest. Defendant asserts that his speedy-trial rights were triggered by his state arrest on October 12, 2009. He claims that the pre-trial delay is excessive in light of the fact that he is charged with an ordinary street crime. (Def.'s Br. at 3-4 (citing *Maples v. Stegall*, 427 F.3d 1020, 1029 (6th Cir. 2005)).

The United States counters that, "[w]hile arrest typically starts the Sixth Amendment clock, [D]efendant's arrest by the state of Michigan does not implicate his Sixth Amendment speedy-trial rights in a federal prosecution." (Gov. Br. at 3).

The Court agrees with the Government. For the purpose of Defendant's federal prosecution, the federal indictment, not the state arrest, triggered Defendant's speedy-trial rights.

In *United States v. MacDonald*, 456 U.S. 1, 10 n.11 (1982), the Supreme Court noted, "[A]n arrest or indictment by one sovereign would not cause the speedy trial guarantees to become engaged as to possible subsequent indictment by another sovereign." *Id.* In *MacDonald*, the U.S. Army charged the defendant with murder under the Uniform Code of Military Justice, and later, a federal grand jury indicted him on civilian murder charges. Defendant maintains that *MacDonald* is inapplicable to this situation, and he characterizes footnote 11 as dicta.

The Sixth Circuit has not determined whether a state arrest or charge implicates a defendant's speedy-trial rights in a subsequent prosecution for the same crime. The First Circuit, however, recently examined the issue in *United States v. Dowdell*, 595 F.3d 50 (1st Cir. 2010). There, a Massachusetts grand jury indicted the defendant on state charges for the distribution of crack on March 25, 2002.[2] Three years later, on March 23, 2005, a federal grand jury indicted the defendant for distribution of crack stemming from the same alleged conduct. *Id.* at 53-54.

The defendant challenged the federal indictment on the grounds that it violated his sixth amendment right to a speedy trial. In upholding the federal indictment, the First Circuit considered the speedy-trial implications of the dual-sovereignty doctrine. The court stated, "a ruling that a defendant's right to a speedy federal trial attaches upon his state indictment would implicate the very concerns that led the Court to formulate the dual sovereignty doctrine in the double jeopardy area." *Id.* at 61 (quoting *United States v. Marler*, 756 F.2d 206 (1st Cir. 1985)).

---

[2]The defendant was initially released on bail, which was subsequently revoked in October 2003, due to an unrelated charge. He was convicted on the unrelated charge. On November 17, 2004, the federal government filed a criminal complaint against the defendant, and transferred him from state to federal custody. In December 2004, the Commonwealth entered a *nolle prosequi* terminating the March 2002 indictment.

The court concluded, "The speed of a federal trial is measured from the federal accusation on which it is based; one sovereign's enforcement of its own criminal laws is not attributable to another sovereign merely because of the presence of investigatory assistance, prosecutorial collaboration, or overlap among charges." *Dowdell*, 595 F.3d at 62.

Defendant notes that *Dowdell* is not binding precedent upon this Court. He argues that the dual-sovereignty doctrine does not apply to all constitutional claims. For instance, if *state* police conduct an unconstitutional search of a defendant's belongings, wrongfully seized evidence may be excluded in a *federal* trial. Likewise, Defendant notes that there is no Sixth Circuit precedent to suggest that the dual sovereign doctrine should be applied in the speedy-trial context.

Defendant's argument is unpersuasive. In *Elkins v. United States*, 364 U.S. 206 (1960), the Supreme Court extended the exclusionary rule to instances where federal prosecutors sought to introduce evidence which had been unconstitutionally collected by state police. The Court reasoned:

> Free and open cooperation between state and federal law enforcement officers is to be commended and encouraged. Yet that kind of cooperation is hardly promoted by a rule that implicitly invites federal officers to withdraw from such association and at least tacitly to encourage state officers in the disregard of constitutionally protected freedom. If, on the other hand, it is understood that the fruit of an unlawful search by state agents will be inadmissible in a federal trial, there can be no inducement to subterfuge and evasion with respect to federal-state cooperation in criminal investigation.

*Id.* at 221-22.

As to a defendant's speedy-trial rights, however, there is little danger that cooperation between state and federal prosecutors will tacitly encourage speedy-trial violations. Rather, if

5

the Court were to hold that Defendant's state arrest triggered his speedy-trial right in this federal prosecution, it would have the effect of forcing the federal government to monitor state criminal investigations that may present the possibility of federal prosecution, and "pursue their own investigations, arrests, indictments, and trials so as to conform with state-dictated timing." *Dowdell* 595 F.3d at 61, (quoting *Marler*, 756 F.2d at 211).

> This is obviously counter to the dual sovereignty doctrine as well as to effective, responsible law enforcement . . . . Thus, whatever the weaknesses in our dual system of justice, these could only be exacerbated by the proposed expansion of the sixth amendment speedy trial right.

*Dowdell* 595 F.3d at 61, (quoting *Marler*, 756 F.2d at 211).

This Court agrees with the reasoning of the First Circuit and finds that Defendant's sixth amendment right to a speedy trial attached at the time of his federal indictment on May 19, 2010, rather than at the time of his arrest on October 12, 2009 by state authorities.

Approximately two months elapsed between the time of Defendant's federal indictment and the time that he filed this motion on July 14, 2010. This is insufficient to qualify as an "uncommonly long dely" which would trigger the speedy-trial inquiry. *See Barker*, 407 U.S. at 530; *see also Doggett v. United States*, 505 U.S. 647, 652 n. 1 (1992). Accordingly, the Court shall DENY Defendant's motion to dismiss.

Even if Defendant's speedy-trial rights were triggered by his state arrest, however, the Court finds that the Government has not violated Defendant's speedy-trial rights.

First, Defendant was arrested on the initial state charges on October 12, 2009 and filed this motion approximately nine months later on July 14, 2010.

"A delay approaching one year is presumptively prejudicial." *United States v. Robinson*,

455 F.3d 602, 607 (6th Cir. 2006) (citing *Doggett*, 505 U.S. at 652 n. 1). Further, the Sixth Circuit has noted,"there seems general agreement that any delay of eight months or longer is 'presumptively prejudicial.' " *United State v. Jackson*, 473 F.3d 660, 665 (6th Cir. 2007) (quoting Gregory P.N. Joseph, *Speedy Trial Rights in Application*, 48 FORDHAM L. REV. 611, 623 N. 71 (1980), cited in *Doggett v. United States*, 505 U.S. 647, 652 n. 1 (1992)). In *United States v. Brown*, 498 F.3d 523, 530 (6th Cir. 2007), the Sixth Circuit assumed that a ten-month delay was sufficient to trigger further judicial examination. In *United States v. Gardner*, 488 F.3d 700, 719 (6th Cir. 2007), however, the court found that a nine-month delay was not presumptively prejudicial where there were multiple defendants and pretrial motions. Because this case involves an "ordinary street crime," with only one defendant, the Court will continue to analyze the remaining *Barker* factors. The Court notes that because the delay has only been nine months, the first factor does not significantly weigh in favor of Defendant's motion.

The second factor that the Court must weigh is the reason for the delay. *Barker*, 407 U.S. at 531. Here, the delay was initially caused when Defendant asked for an adjournment of his original state-court trial. As noted above, the Shiawassee Circuit Court granted Defendant's motion to adjourn and moved his trial from March 30, 2010 to June 8, 2010. Some of the delay, therefore, is attributable to Defendant. Prior to June 8, 2010, however, Defendant was charged with a federal indictment on May 19, 2010. Following the federal indictment, Defendant's state charges were dropped and Defendant's federal trial was scheduled for August 3, 2010. Defendant has not alleged that the Government has acted in bad faith or has attempted to gain a tactical advantage. Nor has he alleged that the delay is due to the Government's negligence. Given these facts, this factor weighs slightly against Defendant's motion.

7

The third factor is whether Defendant asserted his right to a speedy trial. *Barker*, 407 U.S. at 531-32. Here, it is undisputed that Defendant initially demanded a speedy trial when his original counsel filed an appearance in the state case. Further, after Defendant appeared in federal court, he requested bail which "is equivalent to a request for a speedy trial." *Maples v. Stegall* 427 F.3d 1020, 1030 (6th Cir. 2005) (quoting *Redd v. Sowders*, 809 F. 2d 1266, 1271 (6th Cir. 1987)). The Court finds that this factor weighs in favor of Defendant's motion.

The fourth factor is prejudice to the defendant, and it should be assessed in light of the interests that the speedy-trial right was designed to protect. *Barker*, 407 U.S. at 532. The Supreme Court "has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.*

Here, Defendant maintains that he has been prejudiced by his oppressive pre-trial incarceration. It is undisputed that Defendant has been incarcerated since his state arrest on October 12, 2009.

Defendant has not pointed to any specific anxiety or concern that he has suffered on account of the nine-month delay. In *Brown*, the Sixth Circuit found that any anxiety or concern that a defendant experienced during a ten-month delay fell "short of that deemed insufficiently prejudicial in *Barker*, where the defendant waited for more that five years from arrest to trial." *Brown*, 498 F.3d at 532.

Nor has Defendant specifically pointed to any prejudice to his trial rights. Rather,

8

Defendant argues that his pretrial incarceration has "severely limited his ability to effectively prepare his case."

While this is a "vague assertion," *see United States v. Noel*, 2010 WL 2911720 (E.D. Mich. July 21, 2010), the Supreme Court has noted that it is difficult for a Defendant to specifically pinpoint the prejudice that results from an excessive delay. "[I]mpairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony 'can rarely be shown.' " *Doggett*, 505 U.S. at 655. In *Doggett*, the Court found that the Government was negligent in failing to prosecute the defendant, and that the Government's negligence, coupled with the 8 1/2 year delay was sufficient to warrant dismissal of the indictment despite the defendant's failure to show particularized prejudice.

Here, Defendant has not alleged that the Government was negligent or acted in bad faith, the delay has only been for nine months, and Defendant has not otherwise shown specific prejudice to the reliability of his trial. The Court finds that the prejudice factor weighs against Defendant's motion.

After balancing the four *Barker* factors, the Court finds that the Government has not violated Defendant's right to a speedy trial, even if Defendant's speedy-trial rights were first implicated by his State arrest. Accordingly, the Court shall DENY Defendant's motion to dismiss for violating his right to a speedy trial.

## CONCLUSION

For the reasons above, the Court DENIES Defendant's motion to dismiss the indictment.

IT IS SO ORDERED.

          S/Sean F. Cox
          Sean F. Cox
          United States District Judge

Dated: September 17, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 17, 2010, by electronic and/or ordinary mail.

          S/Jennifer Hernandez
          Case Manager