UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.C. Crawford, Jr.,

      Petitioner,

v.

                                            Case No. 10-20269

United States of America,

                                            Honorable Sean F. Cox

      Respondent.

_____/

## ORDER DENYING
## PETITIONER'S MOTION TO AMEND (DOC. # 64)

On October 21, 2010, a jury in this Court convicted Petitioner J.C. Crawford ("Petitioner") of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). On September 23, 2013, Petitioner filed a *pro se* Motion to Vacate Sentence under 28 U.S.C. § 2255. (Doc. #49). Petitioner's motion alleges the following errors: (1) that the Court's application of the Career Offender Enhancement violated Petitioner's Sixth Amendment rights; (2) that Petitioner was denied effective assistance of trial counsel because Petitioner's trial attorney failed to investigate Petitioner's prior drug trafficking convictions and failed to object to the Career Offender Guideline Enhancement; and (3) that Petitioner was denied effective assistance of trial counsel because Petitioner's trial attorney failed to explain to Petitioner the advantages and disadvantages of pleading guilty versus going to trial. A limited evidentiary hearing as to the third issue has been scheduled for July 15, 2016.

The matter before the Court is Petitioner's Motion to Amend his § 2255 petition. (Doc. #64, Pet.'s Br.). Petitioner now seeks to amend his § 2255 petition with a new claim of

1

ineffective assistance of counsel by the attorney who represented Petitioner in state court proceedings that took place before Petitioner's prosecution in this Court.  The Government opposes the motion on the basis that it is untimely pursuant to the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations.  The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid in the decisional process.  *See* E.D. Mich. LR 7.1(f)(2).  The Court therefore orders that the motion will be decided upon the briefs.

For the reasons outlined below, the Court shall **DENY** Petitioner's motion to amend.

## BACKGROUND

**A.    Factual Background**

The background facts are mostly undisputed.  On October 12, 2009 in Perry, Michigan, Petitioner sold 39.89 grams of cocaine to an undercover police officer and 1,000 ecstacy tablets to a confidential informant.  (Trial Tr. I at pp. 40-42; Presentence Investigation Report at 3).  The State of Michigan charged Petitioner with delivery of cocaine. (Sentencing Tr. at 8).  State prosecutors offered Petitioner a plea which would have resulted in a sentence of 49 months. (Sentencing Tr. at 8).  Plaintiff did not accept the State's offer.

On May 19, 2010, a federal grand jury indicted Crawford for one count of distribution of cocaine based upon the October 12, 2009 sale.  (Doc. #1).  The State subsequently dismissed its charges against Petitioner.

On July 14, 2010, Petitioner filed a Motion to Dismiss Indictment (Doc. #14), alleging that the Government violated his Sixth Amendment right to a "speedy and public trial."  On September  17, 2010, this Court denied Petitioner's motion.  (Doc. #16).

2

At some point in time, the Government proposed a plea agreement to Petitioner. If Petitioner had accepted the plea, Petitioner would have received a three-level reduction in his base offense level, which would have resulted in a sentencing guideline range of 151-188 months. (Declaration of Kenneth Sasse, Gvmt. Resp. at App'x A, ¶ 2). The plea agreement also required Petitioner to waive his right to appeal the Court's decision regarding his Motion to Dismiss Indictment. (Doc. #42, Hearing Trans., Final Pretrial Conference/Plea Cutoff Hearing on 10/1/10, at p. 3-4).

Petitioner rejected the Government's plea agreement and proceeded to trial. (Doc. #42, Pretrial Conf. Hearing Trans., at 4). On October 21, 2010, a jury convicted Petitioner of distributing cocaine. (Doc. #28). On February 11, 2011, this Court sentenced Petitioner to 192 months of incarceration. (Doc. #32).

**B.**     **Procedural Background**

Petitioner timely filed a Notice of Appeal. (Doc. #33). Petitioner's only claim of error on appeal was the Court's denial of his Motion to Dismiss Indictment for violating his speedy trial rights. On September 25, 2012, the Sixth Circuit Court of Appeals issued its mandate affirming this Court's decision and affirming the judgment of conviction. (Doc. #48).

**1.**     **Petitioner's Section 2255 Petition (Doc. #49)**

Petitioner filed a *pro se* Motion to Vacate Sentence under 28 U.S.C. § 2255 on September 23, 2013. (Doc. #49). In it, Petitioner argues that: (1) the Court's application of the Career Offender Enhancement violated Petitioner's Sixth Amendment rights; (2) that Petitioner was denied effective assistance of trial counsel because Petitioner's trial attorney failed to investigate Petitioner's prior drug trafficking convictions and failed to object to the Career

Offender Guideline Enhancement; and (3) that Petitioner was denied effective assistance of trial counsel because Petitioner's trial attorney failed to explain to Petitioner the advantages and disadvantages of pleading guilty versus going to trial.

The Court determined that an evidentiary hearing is appropriate for the sole purpose of determining whether Petitioner's trial counsel was ineffective for failing to advise Petitioner of the contents of the Government's proposed plea agreement and for failing to explain to Petitioner the sentencing consequences of accepting the plea agreement rather than proceeding to trial.

Because the Court determined the need for an evidentiary hearing, Attorney Richard D. Korn was appointed to represent Petitioner on January 15, 2015.  (Doc. #58, Doc. #59).  The Court has adjourned the evidentiary hearing twice at the requests of Petitioner's Counsel.  (Doc. #62, Doc. #63).  A limited evidentiary hearing has now been scheduled for July 15, 2016.

### 2.    Petitioner's Motion to Amend § 2255 Petition (Doc. #64)

On September 13, 2015, Petitioner filed a motion to amend pursuant to Federal Rule of Civil Procedure 15.  Petitioner asks the Court to enter an order allowing him to amend his § 2255 petition to include a claim for ineffective assistance of Petitioner's counsel in the state court proceedings.  (Pet.'s Br. ¶ 10).  Specifically, Petitioner asserts that he was offered a choice of pleading guilty in state court or having the criminal matter referred for prosecution in federal court.  Petitioner further states that his state court counsel did not properly apprise Petitioner of the sentencing consequences he would face in federal court as opposed to state court.  According to Petitioner, he could have probably received a sentence of 46 months in state court, rather than the 16-year sentence he received in federal court.  Based on these alleged errors, Petitioner asserts that an issue under *United States v. Morris*, 470 F.3d 596 (6th Cir. 2006), exists here.

4

The Government opposes the motion, asserting that it is untimely.

## ANALYSIS

Presently before the Court is Petitioner's motion to amend. At the crux of the parties' dispute is whether Petitioner's motion to amend, brought nearly two years after his § 2255 petition, is barred by the statute of limitations.

**A.      Statute of Limitations**

"The Anti-Terrorism and Effective Death Penalty Act of 1996 ('AEDPA') provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631(6th Cir. 2012). Specifically, 28 U.S.C. § 2255(f) mandates that a "1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The AEDPA's one-year statute of limitations also applies whenever a party attempts to raise a new claim for relief in a motion to amend pleadings pursuant to Federal Rule of Civil Procedure 15. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citing 28 U.S.C. §

2244(d) and § 2255(f)).  "Consequently, a Rule 15 motion will be denied where it is filed after

that period expires unless the proposed amendment relates back to the date of the original

pleading within the meaning of Rule 15(c) ... "  *Id.* at 475-76.

Here, Petitioner appears to rely on Rule 15(c) ("Relation Back of Amendments) in order

to pursue a claim that would otherwise be outside of the one-year statute of limitations under 28

U.S.C. § 2255(f)(1).  Rule 15(c)(1) provides for three ways in which amendments could relate

back to the date of the original pleading.  Only two of Rule 15(c)(1)'s provisions are potentially

relevant here.  The first is "when the law that provides the applicable statute of limitations allows

relation back."  FED. R. CIV. P. 15(c)(1)(A).  The second is when the "amendment asserts a claim

or defense that arose out of the conduct, transaction, or occurrence set out ... in the original

pleading."  FED. R. CIV. P. 15(c)(1)(B).  With respect to Rule 15(c)(1)(B), the Supreme Court has

noted that there is no relation back unless "the original and amended petition state claims that are

tied to a common core of operative facts."  *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

Both parties appear to agree that Rule 15(c)(1)(B) does not save Petitioner's new

ineffective state counsel claim because it does not "relate back" to the "conduct, transaction, or

occurrence" relied upon in the claims in the timely-filed § 2255 motion.  *See Mayle*, 545 U.S. at

656-67.

As an alternative basis for finding the amended petition timely, Petitioner argues that the

"facts supporting the state court claim could not have been reasonably discovered by [Petitioner]

until after he was appointed counsel on January 15, 2015."  (Pet.'s Br. at 4).  In making this

argument, it appears that Petitioner is relying upon Rule 15(c)(1)(A) and 28 U.S.C. § 2255(f)(4).

6

1.      **Petitioner Has Failed To Demonstrate That He Could Not Have Reasonably Discovered the Facts Underlying His New Claim Prior to January 15, 2015**

Under § 2255(f)(4), the one-year statute of limitations begins to run from the time a reasonably diligent prisoner in the petitioner's circumstances would have discovered the facts giving rise to his claims. *See Johnson v. United States.*, 457 Fed. App'x 462, 469 (6th Cir. 2012) (internal citations omitted). Petitioner argues that the date on which the statute of limitations runs is January 15, 2015 because that is when Petitioner was appointed an attorney who was able to develop the factual underpinnings of the ineffective assistance of state counsel claim.

Petitioner asserts the following facts to support his new claim: (1) Petitioner was offered a state court plea deal, which would have likely resulted in a 46-month sentence; (2) in exchange for Petitioner's guilty plea, the State agreed not to refer the matter for federal prosecution; (3) Petitioner's state court attorney may have been advised that a 15-year minimum sentence applied in federal court, but is not sure that he ever communicated this information to Petitioner; and (4) rather than pleading guilty in state court, Petitioner was indicted in federal court and eventually received a sentence of 16 years. Petitioner would have allegedly accepted the plea offer in state court had he been advised of applicable federal guidelines.

Petitioner argues that he could not have discovered the facts underlying his ineffective state counsel claim earlier than January 15, 2015 because: (1) he has been incarcerated since the date of his arrest on October 12, 2009; (2) he graduated high school with a 1.04 grade point average; (3) he had no way of reviewing the state court file and transcripts; and (4) he had limited ability to communicate with the state court prosecutor or defense attorney.

Petitioner's argument here is not persuasive for a number of reasons. First, Petitioner appears to be conflating his ability to *discover the facts* underlying his ineffective state counsel

7

claim, with his ability to *recognize the legal significance* of such facts.  Accordingly, Petitioner's educational background is not instructive as to when certain facts should have been discovered.

Second, Petitioner does not make clear why it took him several years to uncover facts that should have been  reasonably discovered at the time of his sentencing on February 11, 2011. When Petitioner received his 16-year federal sentence, he was certainly aware of the previous state court plea offer, which could have resulted in a 46-month sentence.  Thus, a diligent prisoner under such circumstances would have discovered the factual basis of Petitioner's new claim–that his state court attorney failed to advise him of the sentencing consequences in federal court as opposed to state court–at least by the time of Petitioner's sentencing.

Third, Petitioner's argument that he had no way of reviewing the state court file and transcripts is without merit.  Petitioner was present throughout the state court proceedings and was made aware of the potential state court sentence.

Fourth, Petitioner's assertion that he had limited ability to communicate with his state court attorney is unsubstantiated.  Petitioner does not explain why communication was limited or whether Petitioner even attempted to communicate with his attorney regarding the matters at issue now.  The same can be said about Petitioner's claim that he had limited ability to communicate with the state court prosecutor.  Moreover, Petitioner does not identify which fact was uncovered through conversations with the prosecutor.

Finally, Petitioner's own motion lends support to the conclusion that Petitioner had discovered the requisite facts underlying his new claim prior to appointment of counsel.  (*See* Pet.'s Br. ¶ 3) ("Defense Counsel received information from his client that led him to believe that there may have been an issue of ineffective assistance of state court counsel..." ).

For the foregoing reasons, the Court finds that Petitioner's motion to amend is time barred by the AEDPA's statute of limitations.

**B.      Petitioner's Claim is Not Entitled to Equitable Tolling**

Next, Petitioner contends that equitable tolling of the statute of limitations is warranted because he did not have the means to discover the factual basis underlying his new claim in light of his *pro se* incarcerated status.  (Pet.'s Br. at 5).  Petitioner's argument is without merit.

"Equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotations omitted). Petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal citations and quotations omitted). Petitioner bears the burden of demonstrating that he is entitled to equitable tolling.  *See McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

Here, Petitioner fails to develop his position with any substantive analysis.  Petitioner does not cite to a single case, which stands for the proposition that a petitioner's incarceration constitutes an extraordinary circumstance for purposes of the equitable tolling doctrine.[1]  In fact, courts have determined that the contrary is true.  *See Beard v. Ohio*, 2013 WL 1281929, *2 (S.D. Ohio March 27, 2013) (holding that "Petitioner's *pro se* incarcerated status and limited access to the prison's law library do not constitute extraordinary circumstances justifying equitable tolling

---

[1] Petitioner is mistaken when he makes the cursory assertion that the same extraordinary circumstances, within the meaning of *Holland,* exist here.  *Holland* is factually distinct from the instant case.

of the statute of limitations.") (citing *Lathan v. Warden Southeastern Correctional Inst.*, 2012 WL 368048 (S.D. Ohio Feb. 3, 2012)).  Moreover, Petitioner *could* have discovered the factual basis underlying his new claim at the time of his federal sentencing on February 11, 2011.

Accordingly, the Court finds that equitable tolling of the statute of limitations is not warranted here.

**CONCLUSION**

For the foregoing reasons, the Court shall **DENY** Petitioner's Motion to Amend § 2255 Petition.  (Doc. #64).

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  June 10, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 10, 2016, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager