UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.C. Crawford, Jr.,

    Petitioner,

v.                                                                                  Case No. 10-20269

United States of America,                                      Honorable Sean F. Cox

    Respondent.

_____/

**OPINION & ORDER
DENYING PETITIONER'S MOTION TO AMEND PETITION  (Doc. #77)**

On July 15, 2016, this Court held a limited evidentiary hearing as to Petitioner's § 2255 petition.  At the conclusion of the hearing, Petitioner's counsel requested leave to file supplemental briefing and the Court permitted him to do so.  Accordingly, Petitioner filed a supplemental brief on September 9, 2016.  (Doc. #77, Petr. Suppl. Br.).  Petitioner's supplemental brief raises two issues that go beyond the scope of the limited evidentiary hearing: (1) a request for a certificate of appealability; and (2) a motion to amend the 2255 petition.

The matter is currently before the Court on Petitioner's "Motion to Amend Petition." The Court concludes that Petitioner's motion to amend is time-barred by the AEDPA's one-year statute of limitations.  As such, Petitioner's motion is **DENIED**.

**BACKGROUND**

On October 21, 2010, a jury in this Court convicted Petitioner J.C. Crawford ("Petitioner") of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1).  On February 11, 2011, this Court sentenced Petitioner to 192 months of incarceration.  (Doc. #32).  Petitioner

1

timely filed a Notice of Appeal. (Doc. #33). On September 25, 2012, the Sixth Circuit Court of Appeals issued its mandate affirming this Court's decision and affirming the judgment of conviction. (Doc. #48). Petitioner subsequently filed a Motion to Vacate Sentence under 28 U.S.C. § 2255 on September 23, 2013. (Doc. #49).

Presently before the Court is Petitioner's motion to amend the § 2255 petition. (Doc. #77). In his two-page motion, Petitioner requests that he be permitted to "amend his petition to include an issue recently recognized by the United States Supreme Court in *Mathis v. United States*, __U.S.__, 136 S.Ct. 2243 (2016)." (*Id*. at 4). Petitioner summarily asserts that because *Mathis* "was decided on June 23, 2016, there is no statute of limitations prohibition." (*Id*.). Petitioner offers nothing else to support the claim that his motion is timely.

For reasons more fully developed below, the Court finds that Petitioner's motion to amend, brought nearly three years after his original petition, is barred by the applicable statute of limitations.

## ANALYSIS

"The Anti-Terrorism and Effective Death Penalty Act of 1996 ('AEDPA') provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631(6th Cir. 2012). Specifically, 28 U.S.C. § 2255(f) mandates that a "1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The AEDPA's one-year statute of limitations also applies whenever a party attempts to raise a new claim for relief in a motion to amend pleadings pursuant to Federal Rule of Civil Procedure 15. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citing 28 U.S.C. § 2244(d) and § 2255(f)).

It is undisputed that Petitioner has filed his motion to amend well beyond the one-year deadline following the finality of his conviction. Thus, unless one of the remaining provisions in the AEDPA's limitations section applies, Petitioner's motion must be dismissed.

Petitioner appears to be arguing that the Supreme Court's recent decision in *Mathis* provides him with some relief. Presumably, Petitioner is relying on § 2255(f)(3). Noticeably absent from Petitioner's motion, however, is any authority standing for the proposition that the Supreme Court in *Mathis* announced a "new" right that has been made "retroactive" on collateral review. A reading of the *Mathis* decision itself further undermines Petitioner's position.

Here, Petitioner was previously convicted of several state drug offenses that were used to classify him as a career offender. The Sentencing Guidelines provide for increased sentences if a defendant has previously been convicted of an enumerated crime of violence or controlled substance offense. *USSG § 4b1.1*. Thus, sentencing courts are required to determine whether a defendant has previously been convicted of one of enumerated offenses.

Petitioner asserts that "in *Mathis*, the Supreme Court held that a state court conviction

3

could not serve as a predicate offense to an Armed Career Criminal determination where the means of committing the offense were broader than the generic offense set forth in the federal statute." (Doc. #77, at 4). Petitioner argues that in light of *Mathis*, Petitioner's Michigan drug convictions cannot constitute as predicate offenses for purposes of classification because Michigan's drug delivery statute defines one crime and sets forth several ways to commit the crime. (*Id.* at 5). Petitioner's argument is flawed for two reasons.

First, Petitioner presumes, without offering any substantive analysis, that the *Mathis* decision announced a new rule made retroactive upon collateral review. However, in *Mathis*, the Supreme Court explicitly stated that:

> For **more than 25 years, we have repeatedly made clear** that application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct–his particular means of committing the crime–falls within the generic definition.

*Mathis*, 136 S.Ct. at 2257 (emphasis added); *see also Id.* at 2251 ("Under our precedents, that undisputed disparity resolves this case. We have often held, and in no uncertain terms, that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense.")

Rather than announce a new rule, the Supreme Court in *Mathis* "reiterated its prior holding that the modified categorical approach may not be used if the crime the defendant was convicted under has a single, indivisible, set of elements, and discussed the difference between 'elements' of an offense and the 'means' by which a defendant can satisfy an element." *Traxler v. United States*, 2016 WL 4536329, at *2 (W.D. Mich. August 31, 2016).

Thus, Petitioner's motion is foreclosed by the statute of limitations because his claim is

not based on a right "that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). "Instead, [Petitioner] is raising a claim based on *Mathis*, which did not break any new ground." *Traxler,* 2016 WL 4536329 at *5.

Second, even if Petitioner's motion was timely, his reliance on *Mathis* is misplaced. In *Mathis*, the Supreme Court summarized the procedures a sentencing court should employ when determining whether a prior state conviction falls under the enumerated-offenses clause. The court's first task is "to determine whether [the statute's] listed items are elements or means." *Mathis*, 136 S.Ct. at 2256. If the listed alternatives are means, rather than elements, "the court has no call to decide which of the statutory alternatives was at issue in the earlier prosecution. Under such circumstances, a defendant's prior state conviction may not qualify as an enumerated offense.

Here, Michigan's drug delivery statute provides that: "a person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance, a prescription form, or a counterfeit prescription form." M.C.L. 333.7401(1). Petitioner argues that Michigan's statute sets forth alternative ways in which the statute can be violated–creating or delivering a prescription form or counterfeit prescription form–which is broader than the generic federal offense. (Doc. #77 at 5).

In making this argument, Petitioner mistakenly presumes that the additional language constitutes alternative means rather than elements. *Mathis* has advised, however, that if "statutory alternatives carry different punishments, then under *Apprendi* they must be elements." *Mathis*, 136 S.Ct. at 2256. Here, distribution of a prescription form or counterfeit prescription

form carries a different punishment than distribution of a controlled substance. *See* M.C.L. 333.7401(2)(f). Thus, according to Mathis, Michigan's drug delivery statute sets forth alternative elements, not means.

## CONCLUSION

Based on the foregoing, Petitioner's Motion to Amend is **DENIED**.

**IT IS SO ORDERED.**

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: September 28, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2016, by electronic and/or ordinary mail.

                                        S/Jennifer McCoy
                                        Case Manager