UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.C. Crawford, Jr.,

    Petitioner,

v.                                                Case No. 10-20269

United States of America,              Honorable Sean F. Cox

    Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C § 2255 (Doc. #49)

On October 21, 2010, a jury in this Court convicted Petitioner of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). On February 11, 2011, this Court sentenced Petitioner to 192 months of incarceration. Judgment was entered on February 24, 2011. (Doc. #32).

The matter is now before the Court on Petitioner's Motion to Vacate Sentence, filed pursuant to 28 U.S.C. section 2255. (Doc. #49). The motion has been fully briefed by the parties. Based upon the arguments set forth in the parties' briefs the Court determined that a limited evidentiary hearing was necessary. Accordingly, Richard A. Korn was appointed to represent Petitioner at the hearing. The evidentiary hearing was held on July 15, 2016.

For the reasons set forth below, the Court shall **DENY** Petitioner's Motion to Vacate Sentence.

### BACKGROUND

The background facts are mostly undisputed. On October 12, 2009 in Perry, Michigan,

Petitioner sold 39.89 grams of cocaine to an undercover police officer and 1,000 ecstacy tablets to a confidential informant. (Trial Tr. I at pp. 40-42; Presentence Investigation Report at 3). The State of Michigan charged Petitioner with delivery of cocaine (Sentencing Tr. at 8). State prosecutors offered Petitioner a plea which would have resulted in a sentence of 49 months. (Sentencing Tr. at 8). Petitioner did not accept the State's offer. (Doc. #64, at 2).

On May 19, 2010, a federal grand jury indicted Crawford for one count of distribution of cocaine based upon the October 12, 2009 sale. (Doc. #1). The State dismissed its charges against Petitioner.

On July 14, 2010, Petitioner filed a Motion to Dismiss Indictment (Doc. #14), alleging that the Government violated his Sixth Amendment right to a "speedy and public trial." On September 17, 2010, this Court denied Petitioner's motion. (Doc. #16).

At some point in time, the Government proposed a plea agreement to Petitioner. If Petitioner had accepted the plea, Petitioner would have received a three-level reduction in his base offense level, which would have resulted in a sentencing guideline range of 151-188 months. (Declaration of Kenneth Sasse, Gvmt. Resp. at App'x A, at ¶ 2). The plea agreement also required Petitioner to waive his right to appeal the Court's decision regarding his Motion to Dismiss Indictment. (Doc. #42, Hearing Trans., Final Pretrial Conference/Plea Cutoff Hearing on 10/1/10, at p. 3-4).

Petitioner rejected the Government's plea agreement and proceeded to trial. (Doc. #42, Pretrial Conf. Hearing Trans., at 4). On October 21, 2010, a jury convicted Petitioner of distributing cocaine. (Doc. #28). On February 11, 2011, this Court sentenced Petitioner to 192 months of incarceration. (Doc. #32).

**B.      Procedural Background**

Petitioner timely filed a Notice of Appeal. (Doc. #33). Petitioner's only claim of error on appeal was the Court's denial of his Motion to Dismiss Indictment for violating his speedy trial rights. On September 25, 2012, the Sixth Circuit Court of Appeals issued its mandate affirming this Court's decision and affirming the judgment of conviction. (Doc. #48).

Petitioner filed the instant *pro se* Motion to Vacate Sentence under 28 U.S.C. § 2255 on September 23, 2013. (Doc. #49, Petr. Br.). In it, Petitioner argues that: (1) the Court's application of the Career Offender Enhancement violated Petitioner's Sixth Amendment rights; (2) that Petitioner was denied effective assistance of trial counsel because Petitioner's trial attorney failed to investigate Petitioner's prior drug trafficking convictions and failed to object to the Career Offender Guideline Enhancement; and (3) that Petitioner was denied effective assistance of trial counsel because Petitioner's trial attorney failed to explain to Petitioner the advantages and disadvantages of pleading guilty versus going to trial.

The Court ordered the Government to file a response (Doc. #52), which the Government did on November 12, 2013. (Doc. #53). Thereafter, Petitioner filed a motion requesting permission to file a reply, (Doc. #54), which this Court granted. (Doc. #55). Petitioner filed his reply brief on March 31, 2014. (Doc. #56).

Based upon the arguments set forth in the parties' briefs, the Court determined that an evidentiary hearing was appropriate for the sole purpose of determining whether Petitioner's trial counsel was ineffective for failing to advise Petitioner of the contents of the Government's proposed plea agreement and for failing to explain to Petitioner the sentencing consequences of accepting the plea agreement rather than proceeding to trial.

Because the Court determined the need for an evidentiary hearing, Attorney Richard D. Korn

was appointed to represent Petitioner on January 15, 2015. (Doc. #58, Doc. #59). The Court adjourned the evidentiary hearing twice at the requests of Petitioner's counsel. (Doc. #62, Doc. #63). A limited evidentiary hearing was ultimately held on July 15, 2016.

On September 13, 2015, Petitioner filed a "Motion to Amend § 2255 Petition." (Doc. #64). The Court subsequently denied the motion on the basis that it was time-barred by the AEDPA's one-year statute of limitations. (Doc. #72).

## LEGAL STANDARD

Petitioner's motion is brought pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255. To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

## ANALYSIS

### A. This Court's Application of the Career Offender Enhancement Was Not Unconstitutional

In Petitioner's Presentence Investigation Report ("PSR"), the probation officer recommended

that the Career Offender Guideline Enhancement be applied in calculating Petitioner's sentencing guideline range. The Career Offender Guideline Enhancement is found in section 4B1.1 of the United States Sentencing Guidelines and states, in pertinent part:

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. Without the Career Offender enhancement, Petitioner claims his guideline range would have been 37-46 months. (Petr. Br. at 5). This is incorrect;[1] Petitioner's guideline range would have been 120-150 months. With the Career Offender enhancement applied, the parties agree that Petitioner's guideline range was 262 months to 327 months. (PSR p. 11). This Court sentenced Petitioner to 192 months of incarceration, which is below the guideline range. (Judgment as to J.C. Crawford, Jr., Doc. #32, at p. 2).

Petitioner argues that the Court's application of the Career Offender Guideline Enhancement violated his Sixth Amendment rights because: (1) the enhancement and the predicate prior convictions were not presented in the indictment; and (2) because the Court, rather than the jury,

---

[1] Petitioner sold cocaine and ecstacy to an undercover officer. Because Petitioner sold a mix of controlled substances, the probation department used marijuana equivalencies to determine Petitioner's base offense level.

The probation officer determined that Petitioner was liable for the equivalent of 258 kilograms of marijuana, which gave him a base offense level of 26. With the career offender enhancement, his base offense level was raised to 34. Petitioner has a Criminal History Level of 6. These figures produced a sentencing guideline range of 262-327 months. Without the career offender enhancement, his sentencing guideline range would have been 120-150 months.

Without the inclusion of the ecstacy, which it appears that Petitioner's counsel objected to prior to sentencing, Petitioner's base offense level would have been 14, and his guideline range would have been 37-46 months.

5

found that Petitioner had previously been convicted of multiple controlled substance offenses.

The Government responds that Petitioner's claim fails because he does not have a constitutional right to a jury determination of his prior convictions. The Government maintains that the Court was correct in relying on the presentence report ("PSR") to determine that Petitioner had committed three prior drug trafficking crimes and an attempted home invasion, which were sufficient to qualify Petitioner as a career offender under U.S.S.G. section 4B1.1(a). Additionally, the Government notes that Petitioner did not object to the criminal history calculation or to the career offender designation at his sentencing hearing.

> 1. **The Sixth Amendment Did Not Require The Indictment to Contain Petitioner's Prior Convictions In This Case**

A defendant's Sixth Amendment rights are not offended by the omission of prior convictions from his or her indictment when those prior convictions will be considered only for sentencing purposes. The United States Supreme Court has explained that "an indictment . . . need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime . . . " *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998). In this case, Petitioner's prior convictions were only used in applying the Career Offender enhancement. Thus, Petitioner's first argument is without merit.

> 2. **The Sixth Amendment Does Not Require Petitioner's Prior Convictions To Be Found By A Jury Beyond A Reasonable Doubt**

Next, as to Petitioner's claim that his sentence was the product of unconstitutional judicial fact-finding, the Court finds that the Government's position is correct and well-supported in case law. In *Apprendi v. New Jersey*, the United States Supreme Court held that, "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory

maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000) (emphasis added).

Following *Apprendi*, many courts have reiterated the holding that a prior conviction need not be found by a jury. *See U.S. v. Bradley*, 400 F.3d 459, 462-63 (6th Cir. 2005) ("From *Apprendi* to *Blakely* to *Booker*, the Court has continued to except such fact-finding from the requirements of the Sixth Amendment . . . " (collecting cases)). Thus, Petitioner's second argument is also without merit.

Based on the foregoing, the Court finds that Petitioner's Sixth Amendment rights were not violated when this Court applied the Career Offender Guideline Enhancement to determine Petitioner's sentence guideline range.

B.  **Petitioner Was Not Denied Effective Assistance of Trial Counsel In Violation of His Sixth Amendment Rights**

Petitioner argues that he was denied effective assistance of trial counsel because: (1) Kenneth R. Sasse ("Sasse"), Petitioner's trial attorney, failed to investigate Petitioner's prior convictions and failed to object to the career offender guideline enhancement; and (2) because Sasse failed to explain to Petitioner the advantages and disadvantages of pleading guilty versus going to trial. The Government argues that even if Petitioner's counsel committed these alleged errors, Petitioner was not prejudiced by them, and thus no constitutional violation has occurred.

Ineffective assistance of counsel claims are governed by the familiar test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to demonstrate ineffective assistance of counsel, a petitioner must show both that defense counsel's performance was deficient, and that petitioner suffered prejudice as a result. *Id.* at 687.

"When a convicted defendant complains of the ineffectiveness of counsel's assistance, the

defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

"The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Indeed, it is permissible for a court to determine that prejudice cannot be established, and thus dispose of the claim without deciding whether counsel performed deficiently. *Id.* at 697 ("[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

### 1. Petitioner's Counsel's Alleged Failure To Investigate Petitioner's Prior Convictions And Failure To Object To The Career Offender Enhancement at Sentencing

First, Petitioner argues that he was denied effective assistance of trial counsel because Sasse failed to investigate Petitioner's prior convictions and failed to object to the application of the career offender enhancement at sentencing. Further, Petitioner maintains that his 2007 drug conviction in Crawford County, Michigan does not qualify as a "serious drug conviction" within the meaning of 21 U.S.C. section 802(44)[2] because he was only sentenced to ten months of incarceration with "2 months to be held in abeyance." (Petr. Br. at 12). Without that conviction, Petitioner argues, the Career Offender Guideline Enhancement prerequisites would not have been met.

---

[2] Petitioner refers to 21 U.S.C. section 802 (44), which is Congress's definition of "felony drug offense" contained in the Controlled Substances Act. *See generally* 21 U.S.C. § 801, *et seq.* The definition at issue, however, is the definition of "prior felony conviction" as used in, and defined by, the Sentencing Guidelines Manual. *See* U.S.S.G. § 4B1.2, *Application Notes*.

The Government counters that even if Petitioner's counsel failed to investigate his prior convictions, Petitioner was not prejudiced because the prior convictions satisfy the requirements of the Sentencing Guidelines and thus were properly considered in applying the Career Offender enhancement. The Court agrees with the Government and finds that Petitioner cannot establish prejudice.

      **a.    Second Prong of Strickland Test Is Not Met Because Petitioner Was Not Prejudiced By The Alleged Acts Of His Counsel**

As previously discussed, an adult defendant is a Career Offender under the Sentencing Guidelines if he or she is convicted of a felony crime of violence or controlled substance offense, and he or she has at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a).

In turn, the United States Sentencing Guidelines defines a "prior felony conviction" as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2, *Application Notes*.

In 2001, at the age of 29, Petitioner was convicted of "Delivery/Manufacture Controlled Substances Less Than 50 Grams." (PSR, p. 6). In that instance, Petitioner was selling cocaine. (PSR, p. 6). Petitioner was sentenced to 18 to 240 months of incarceration. (PSR p. 6). Michigan law provides that a person convicted of the delivery or manufacture of less than 50 grams of cocaine is "guilty of a felony punishable by imprisonment for not more than 20 years or a fine of not more than $25,000.00, or both." M.C.L. § 333.7401 (2)(a)(iv). Therefore, Petitioner's 2001 conviction qualifies as a "prior felony conviction" for purposes of the Career Offender enhancement because it is a controlled substance offense that is punishable by more than one year imprisonment.

9

In 2007, at the age of 35, Petitioner was convicted of "Delivery/Manufacture Controlled Substances Less Than 50 Grams." (PSR p. 7). Again, Petitioner was selling cocaine. (PSR p. 7). Like Petitioner's first conviction for selling cocaine, this offense qualifies as a "prior felony conviction" under the Sentencing Guidelines because it is punishable by imprisonment for more than one year.

Petitioner argues that if Mr. Sasse would have investigated Petitioner's prior convictions, he would have learned that Petitioner was not sentenced to prison for the 2007 offense, but was instead placed on extended probation.

However, the fact that Petitioner was sentenced to four years of probation (PSR p. 7) rather than incarceration does not alter the conclusion that the 2007 conviction is a "prior felony conviction" as defined in the Sentencing Guidelines. The Sentencing Guidelines Manual explicitly defines a "prior felony conviction" to include offenses punishable by more than one year, "*regardless of the actual sentence imposed.*" U.S.S.G. § 4B1.2, *Application Notes* (emphasis added). Even though Petitioner's second conviction for delivery of a controlled substance was punished by four years' probation, it was *punishable* by more than one year imprisonment. Therefore, it properly constitutes a second "prior felony conviction" under the Sentencing Guidelines for purposes of applying the Career Offender enhancement.

Petitioner's 2001 and 2007 prior felony convictions satisfy the prerequisites of the Career Offender Guideline Enhancement. Therefore, Petitioner cannot establish that he suffered prejudice due to his counsel's alleged failure to investigate his prior convictions or to object to this Court's application of the Career Offender Guideline Enhancement at sentencing.

**2.     Petitioner's Counsel's Alleged Failure To Explain to Petitioner The Advantages And Disadvantages Of Pleading Guilty Instead of Proceeding to**

**Trial**

    **a.    The Parties Conflicting Positions**

In his motion, Petitioner argues that Sasse "failed to fully advise Petitioner of the advantages and disadvantages of going to trial and pleading guilty. Petitioner positions that Mr. Sasse's failure to advise Petitioner . . . has caused Petitioner to pass-up the opportunity of recieving [sic] levels off of Petitioner's base offense level (BOL) after the acceptance of responsibility in the plea process." (Petr. Br. at 17; *see also* Petr. Aff., attached to Petr. Reply at pg 9 of 10, ¶¶ 7-12). Petitioner claims that he would have "pled [sic] guilty to the charged offense . . . instead of rolling the dice at trial." (Petr. Br. at 18).

Petitioner maintains that he was prejudiced because he was deprived of the ability to receive a two to three point level reduction in his base offense level, and because he received a longer sentence after trial then he would have received had he pleaded guilty. Petitioner has submitted two affidavits affirming these arguments. (Petr. Br., Doc. #49 at p. 39 of 42; Petr. Reply at Doc. #56, p. 9 of 10).

The Government responds that Petitioner was, in fact, apprised of the advantages and disadvantages of pleading guilty instead of proceeding to trial. The Government has submitted a signed Declaration from Kenneth R. Sasse, Petitioner's trial counsel, wherein Sasse affirms that he "provided [Petitioner] a copy of the plea offer from the government, read the offer to [Petitioner], and explained its terms." (Declaration of Kenneth R. Sasse, attached to Gvmt. Resp. at Appendix A, ¶ 2). Sasse further affirms that he explained to Petitioner that "if he accepted the offer, the government would withdraw the sentencing enhancement filed pursuant to 21 U.S.C. § 851, that he could expect to receive a three level reduction in his offense level for acceptance of responsibility,

and that he could expect a sentencing guideline range of 151 to 188 months." (Sasse Dec., Gvmt. Appx. A, ¶ 2). Sasse declared that he explained to Petitioner the consequences of going to trial, including that the § 851 enhancement would be applied and Petitioner would not receive a reduction for acceptance of responsibility. (Sasse Dec., Gvmt. Appx. A, § 3).

Furthermore, the Government points out that the plea agreement required Petitioner to waive his right to appeal this Court's denial of his Motion To Dismiss the Indictment for violation of his speedy trial rights. The Government claims that Petitioner rejected the Government's plea offer because Petitioner was unwilling to waive his right to appeal that decision of the Court. *See* Doc. #42, Hearing Trans., Final Pretrial Conference/Plea Cutoff Hearing on 10/1/10, at p. 3-4:

> The Court: All right. It's my understanding that there's – this, of course, is the final pretrial plea cutoff date. There is going to be no plea. Is that true?
>
> Mr. Sasse: Yes, Your Honor . . . we filed a motion to dismiss on . . . constitutional speedy trial grounds, which was denied by the Court. The plea offer which was made and continues to be on the table, does not include the availability or the ability for us to appeal the decision. And my client does not wish to waive that right to appeal it, and therefore we have no alternative but to proceed to trial.

Petitioner was present at the October 1, 2010 Final Pretrial Conference. (Doc. #42 at 3). Therefore, the Government maintains, Petitioner cannot show that he was prejudiced by his counsel's alleged errors because Petitioner would not have pleaded guilty in any event.

### b. Evidentiary Hearing

With the issues so framed by the parties, the Court determined that a limited evidentiary hearing was necessary to assess credibility and complete the record. The Court therefore held an evidentiary hearing on July 15, 2016. Petitioner presented two witnesses at the hearing: (1) Kenneth R. Sasse, Petitioner's trial counsel; and (2) Petitioner J.C. Crawford, Jr. The Government submitted

into evidence Government's Exhibit 1: the transcript of the October 1, 2010 Pretrial Conference.

Consistent with his declaration, Sasse testified that he went through the Rule 11 plea agreement with Petitioner and that he explained that if Petitioner pleaded guilty, Petitioner would be eligible for a three-point downward departure. (Evid. Hearing Tr. at 22-23, Doc. #75). Sasse further testified that he advised Petitioner of the following: (1) what the sentencing consequences would be if Petitioner took the plea; (2) what the sentencing guideline would be if Petitioner went to trial, without the obstruction of justice enhancement; and (3) what the sentencing guideline would be if Petitioner went to trial, testified and was found to have perjured himself. (*Id*. at 27). Sasse testified that he recommended that Petitioner accept the proposed plea agreement because Petitioner's chances of success at trial were fairly small. (*Id*. at 18). Sasse testified that Petitioner refused to plead guilty and refused to accept the proposed plea agreement because the agreement included an appeal waiver. (*Id*. at 25).

While Petitioner could not "recall everything," he testified that Sasse discussed the proposed plea agreement with him and advised him of the guidelines. (*Id*. at 28-29). Petitioner stated, however, that he did not "remember certain stuff like the 851" enhancement. (*Id*.). Petitioner further testified that he turned down the plea agreement offered by the Government because it did not allow Petitioner to preserve the speedy trial issue for appeal. (*Id*. at 31).

    **c.**  **Petitioner Has Failed To Meet The Two Prongs Of The *Strickland* Standard**

The Sixth Amendment requires effective assistance of counsel at all critical stages of a criminal proceeding. *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012). "The negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective

13

assistance of counsel." *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010), *citing Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

It is well accepted that "the decision to plead guilty first, last, and always rests with the defendant, not his lawyer." *Smith v. U.S.*, 348 F.3d 545, 552 (6th Cir. 2003). However, an attorney is obligated to fully inform his or her client of all available options. *Smith*, 348 F.3d at 552-53. "A criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available." *Id.* The failure of defense counsel to "provide professional guidance to a defendant regarding his sentence exposure prior to a plea may constitute deficient assistance." *Smith*, 348 F.3d at 553, *quoting Moss v. United States,* 323 F.3d 445, 474 (6th Cir. 2003).

In order to demonstrate prejudice, "the petitioner must show 'a reasonable probability' that 'counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *Briggs v. U.S.,* 187 Fed. App'x 540, 543 (6th Cir. 2006), *quoting Smith*, 348 F.3d at 551. Specifically, where a defendant rejects a plea agreement, the *Strickland* prejudice test requires the petitioner to establish that "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court . . . that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Miller v. United States*, 2014 WL 1303281 (6th Cir. Apr. 1, 2014), *quoting Lafler,* 132 S.Ct. at 1385.

Having observed the evidence and the witnesses who testified at the evidentiary hearing,

14

allowing for this Court to assess credibility, having considered the arguments presented by counsel, and having applied the governing legal principles, the Court finds that Petitioner was not rendered ineffective assistance of counsel. Moreover, even if Sasse's conduct fell below the objective standard of reasonableness, Petitioner has not established prejudice as a result of such conduct.

### i. First Prong of Strickland Standard Is Not Met Because Petitioner's Counsel Conduct Was Objectively Reasonable

First, the Court finds that the first prong of the *Strickland* standard has not been satisfied. The testimony elicited at the July 15, 2016 evidentiary hearing indicates that Sasse's conduct did not fall below the objective standard of reasonableness. Based on Sasse's very credible testimony, the Court concludes that: (1) Petitioner was apprised of the advantages of accepting the Government's proposed plea agreement, *i.e.* that accepting responsibility would result in a three-point downward departure; (2) that Petitioner was apprised of the sentencing consequences of pleading guilty verses going to trial; and (3) that Sasse recommended that Petitioner accept the proposed plea agreement. Petitioner similarly testified that Sasse went over the proposed plea agreement and the sentencing guidelines with Petitioner. Petitioner admitted that he refused to accept the proposed plea agreement because it included an appeal waiver.

### ii. Second Prong of Strickland Standard Is Not Met Because Petitioner Was Not Prejudiced By The Alleged Acts Of His Counsel

Petitioner's refusal to accept the plea agreement, as proposed by the Government, brings the Court to its next point: that Petitioner cannot establish the second prong of the *Strickland* standard because he was not prejudiced by the alleged acts of his counsel. As the Government points out, and as Petitioner himself testified, Petitioner rejected the Government's plea offer because he was

unwilling to waive his right to appeal this Court's denial of his Motion To Dismiss the Indictment for violation of his speedy trial rights. Thus, the Court finds that Petitioner cannot establish that he was prejudiced by his counsel's alleged errors because Petitioner would not have pleaded guilty in any event.

## CONCLUSION

Based on the foregoing, this Court shall **DENY** Petitioner's Motion to Vacate, Correct or Amend his Sentence pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 28, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2016, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager