UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                                  Criminal Case No. 10-20269

J.C. Crawford, Jr.,                                                    Sean F. Cox
                                                                United States District Court Judge
    Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant J.C. Crawford, Jr. ("Defendant") was convicted of distribution of cocaine and was sentenced to 192 months of imprisonment. The matter is before the Court on Defendant's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it. The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

**BACKGROUND**

In this criminal case, Defendant was convicted of one count of Distribution of Cocaine, in violation of 21 U.S.C. § 841(a)(1). This Court sentenced Defendant, as a career offender, to 192 months of imprisonment. (*See* 2/24/11 Judgment).

On October 27, 2020, Defendant filed his *pro se* Motion for Compassionate Release.

(ECF No. 104).

Defendant is now forty-eight years old. He is currently housed at Yazoo FCI and has a projected release date of July 18, 2023, with good time credits, and October 11, 2025 without. Defendant filed his Motion for Compassionate Release asserting that he is heightened risk of more serious illness, if he were to contract COVID-19, because of his obesity. Defendant also asserts that his mother is ill and needs him to care for her.

The Government acknowledges that Defendant has met the exhaustion requirement. It concedes that Defendant's obesity places him at increased risk of severe illness from the virus, if he were to contract it, but contends the motion should be denied based upon a consideration of the § 3553(a) factors.

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

"The passage of the First Step Act in 2018 expanded access to compassionate release by allowing inmates to bring compassionate-release motions on their own behalf." *United States v. Elias*, __ F.3d. __, 2021 WL 50169 at *1 (Jan. 6, 2021).

"An imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request – whichever is earlier." *Jones, supra,* at 1106. Here, the Government has waived the exhaustion requirement and, therefore, this Court may consider Defendant's motion.

2

The United States Court of Appeals for the Sixth Circuit has held that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[] all relevant sentencing factors listed in 18 U.S.C. §3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C.§3582(c)(1)(A).

*Elias, supra,* at * 1.

At step one, a court must find whether "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1(A)(I).

"At step two, a court must 'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Jones, supra,* at 1108. (quoting 3582(c)(1)(A)) (emphasis added). But the Sixth Circuit has held "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias, supra*, at *2. "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* That means that, "[u]ntil the Sentencing Commission updates § 1B.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones, supra*, at 1109. Because Defendant's compassionate release motion was filed by an incarcerated person, this Court "may skip step two

3

of the § 3582(c)(1)(A) inquiry and ha[s] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Jones, supra*.

"At step three, '§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *Jones, supra,* at 1109.

The Sixth Circuit has explained that, "in *granting* a compassionate-release motion, district courts must address all three steps." *Elias, supra*, at *2 (emphasis added). But it has also clarified that "district courts may *deny* compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id*. (emphasis added).

Here, Defendant contends that his request for compassionate release should be granted because his medical condition, in light of the ongoing pandemic, constitute extraordinary and compelling circumstances.

This Court agrees with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Here, Defendant asserts that he is heightened risk of more serious illness, if he were to contract COVID-19, because of his obesity. The Government concedes that Defendant's obesity places him at increased risk of severe illness from the virus, if he were to contract it.

Nevertheless, this Court concludes that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offense weighs against his release. Defendant was convicted of distributing cocaine, an addictive and dangerous drug. This is a serious offense.

Moreover, the conviction in this case is not an isolated event. Defendant has a lengthy criminal history and was sentenced as a career offender. His criminal history includes prior convictions for drug offenses and also includes violence. Defendant was convicted of domestic violence after hitting his girlfriend and threatening to burn her house down, and convicted of attempted domestic violence as to his wife. Defendant was also convicted of attempted home invasion after the tried to break into an occupied residence. Defendant has violated previous terms of probation and was on probation when he committed the offense in this case.

Defendant has had four disciplinary sanctions while incarcerated, including trying to have illegal contraband mailed to him at the facility.

In addition, this Court already gave Defendant a break, when it varied below the guidelines of 262 to 327 months, and sentenced Defendant to 192 months. This Court does not

believe that releasing Defendant early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. In sum, this Court finds that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 18, 2021